```
FILED by ___RB___ D.C.
ELECTRONIC
May 15, 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI
```

(Rev. 10/2002) Complaint

## 09-80741-Civ-DIMITROULEAS/SNOW

### UNITED STATES DISTRICT COURT
### Southern District of Florida

Case Number:

CARLOS ECHEVERRIA and MARLENE ECHEVERRIA,

    Plaintiffs

v.

CITY PLACE SOUTH TOWER, LLC, a Florida limited liability company,

    Defendant

---

### COMPLAINT

We, the Plaintiffs, in the above styled cause, file this complaint for revocation and other relief against the Defendant, City Place South Tower, LLC, a Florida limited liability company, and in support thereof state:

1.
This is an action for damages arising from a condominium sale and purchase agreement (the "Purchase Agreement") for real property located in Palm Beach County, Florida, which has a value in excess of $15,000, exclusive of interest, attorney's fees and costs, and is within the jurisdiction of this court.

2.
Plaintiffs, Carlos Echeverria and Marlene Echeverria, are New York residents who entered into a contract for the purchase of real property located in Palm Beach Country, Florida. The causes of action set forth in this complaint arise under said contract.

3.
Defendant, City Place South Tower, LLC, is a Florida limited liability company that develops condominium units in Palm Beach County, Florida.

4.
The Defendant is a developer seeking to develop an excess of 100 units pursuant to its plan of development and is subject to the Federal Interstate Sales Full Disclosure Act, 15 U.S.C. § 1701 *et seq.* ("ILSA") and the Florida Uniform Land Sales Act, FLA. STAT. § 498.001 *et seq.* (the "Florida Land Sales Act").

5.
On or about May 15, 2007, Plaintiffs signed the Purchase Agreement wherein Plaintiffs agreed to

purchase and Defendant agreed to construct and sell a condominium unit, identified therein as Unit 708 (the "Unit"), in the proposed City Place South Tower Condominium located at 550 Okeechobee Blvd. in West Palm Beach, Florida 33401.

6.
After May 15, 2007, Plaintiffs received from Defendant a report from the developer (the "Developer's Report").

7.
Pursuant to the Purchase Agreement, Plaintiffs paid Defendant a total of $50,000.00 in deposits in consideration for the Unit.

6.
The purchase and sale of the Unit is governed by the requirements of ILSA and the Florida Land Sales Act.

## COUNT 1:
## PURSUANT TO THE FEDERAL INTERSTATE LAND SALES FULL DISCLOSURE ACT, PLAINTIFFS ARE ENTITLED TO REVOKE THE PURCHASE AGREEMENT AND RECOVER ALL DEPOSITS MADE THEREUNDER

7.
Pursuant to ILSA, Section 1404(a)(1)(B), it is unlawful for a developer or agent, directly or indirectly, to make use of any means or instruments of transportation or communication in interstate commerce, or of the mails, to sell any lot unless the purchaser is given a printed property report, meeting the requirements of Section 1408, in advance of the signing of any contract or agreement by such purchaser.

8.
Pursuant to ILSA, Section 1404(c), in the case of any contract or agreement for the sale of a lot for which a property report is required by ILSA and the property report has not been given to the purchaser in advance or his or her signing such contract or agreement, such contract or agreement may be revoked at the option of the purchaser within two years from the date of such signing.

9.
Defendant failed to provide Plaintiffs with the Developer's Report prior to the execution of the Purchase Agreement.

10.
Pursuant to ILSA, Section 1404(e), Plaintiffs are entitled to all money paid by them under the Purchase Agreement as the Developer's Report was not given to them in advance of their signing of the Purchase Agreement. (15 U.S.C. 1703)

WHEREFORE, Plaintiffs demand revocation of the Purchase Agreement and the return of the $50,000.00 paid to the Defendant by the Plaintiffs as deposits thereunder, and that this Court award Plaintiffs reimbursement of reasonable costs incurred, pursuant to 15 U.S.C. § 1709(c).

## COUNT 2:
## PURSUANT TO THE FLORIDA UNIFORM LAND SALES PRACTICES ACT,

## PLAINTIFFS ARE ENTITLED TO VOID THE PURCHASE AGREEMENT AND RECOVER FROM THE DEFENDANT THE TOTAL AMOUNT PAID THEREUNDER

11.
Under the Florida Land Sales Act, the Defendant is considered a subdivider.

12.
Pursuant to the Florida Land Sales Act, Section 498.061(1), any subdivider who in disposing of any interest in subdivided lands falsifies a material fact is liable to the purchaser.

13.
The Defendant wrote down a date of "May 15, 2007" on the acknowledgement of the receipt of the Developer's Report (the "Acknowledgment of Receipt") although the Developer's Report was not provided to the Plaintiffs until after May 15, 2007.

14.
The date on the Acknowledgement of Receipt is a material fact as it provides inaccurate *prima facie* evidence of the date on which the form was signed, which is itself dispositive of whether or not the Developer's Report was provided to the Plaintiffs prior to the Plaintiffs execution of the Purchase Agreement and whether or not Plaintiffs would be entitled to revoke said Purchase Agreement under ILSA, Section 1404(e).

15.
The Developer's Report was not provided to Plaintiffs until several days after execution of the Purchase Agreement and therefore the date of the Acknowledgement Receipt is not May 17, 2007. The date on the Acknowledgement Receipt could not possibly have been, and was not, accurate.

15.
Pursuant to the Florida Land Sales Act, Section 498.061(2), in addition to any other remedies, the purchaser may sue to recover the consideration paid for the unit, together with interest at the rate of 9 percent per year from the date of payment, and court costs and reasonable attorney's fees.

15.
Pursuant to the Florida Land Sales Act, Section 498.061(6), any contract for sale of any interest in subdivided lands in violation of the Florida Land Sales Act is voidable by the purchaser, and she or he may, in addition to any other remedy provided by law, recover from the subdivider the total amount the purchaser has paid on the contract or sale plus a reasonable attorney's fee.

WHEREFORE, the Plaintiffs seek to recover the $50,000.00 paid to the Defendant by the Plaintiffs as deposits thereunder, and that this Court award Plaintiffs reimbursement of reasonable costs incurred, pursuant to FLA. STAT. § 498.061(6).

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury of all issues so triable.

Signed this 15th day of May, 2009.

Carlos Echeverria
32-33 Bell Blvd.
Bayside, New York 11361
(718) 352-3993
By: *[signature]*

Marlene Echeverria
32-33 Bell Blvd.
Bayside, New York 11361
(718) 352-3993
By: *[signature]*

**JS 44** (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other pape by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the C the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-fi**

FILED R B  D.C.
ELECTRONIC
May 15, 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

### I. (a) PLAINTIFFS
Carlos Echeverria and Marlene Echeverria

### DEFENDANTS
City Place South Tower, LLC

(b) County of Residence of First Listed Plaintiff  Queens, New York
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Palm Beach, Florida
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Pro Se

Attorneys (If Known)

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☒ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

09CV 80741 WPD/LSS

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Ac |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determinatio Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

### V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page:)
a) Re-filed Case ☐ YES ☒ NO      b) Related Cases ☐ YES ☒ NO
JUDGE                                                          DOCKET NUMBER

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Interstate Sales Full Disclosure Act, 15 U.S.C. § 1701 and Florida Uniform Land Sales Practice Act, FLA. STAT. § 498.001 - failure to provide Developer's Report prior to signing of the Purchase Agreement.
LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE  5-15-09

FOR OFFICE USE ONLY
AMOUNT  350
RECEIPT #  725852
IFP